IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HENRY KARCSH and :
JULIANN KARCSH, :
   Plaintiffs. :
    :
   v. : CIV. NO. 10-4965
    :
BOARD OF DIRECTORS VENTURA :
COUNTRY CLUB COMMUNITY :
HOMEOWNERS ASSOCIATION, :
   Defendant. :

**Diamond J.**                                                                                                                                                                           **May 4, 2011**

---

## MEMORANDUM

      The accident that gave rise to this personal injury case took place in Florida, where Defendant—the governing body of a community association—is located. Defendant moves to dismiss for lack of personal jurisdiction and improper venue. *(Doc. No. 6.)* I agree that personal jurisdiction is lacking and venue is improper, and so will grant Plaintiffs' unopposed request to transfer this action to the Middle District of Florida.

    **I.    FACTUAL BACKGROUND**

      On September 23, 2010, Plaintiffs Henry and Juliann Karsch, Pennsylvania citizens, filed the instant Complaint against Defendant, the Board of Directors of the Ventura Country Club Community Homeowner's Association, which is incorporated in Florida and located in Orlando. Plaintiffs allege that on September 28, 2008, Mr. Karsch was jogging on Woodgate Boulevard, an Orlando street owned and maintained by the Association. A vehicle struck Mr. Karsch, causing

severe injuries. Invoking this Court's diversity jurisdiction, Plaintiffs bring claims for negligence and loss of consortium. 28 U.S.C. § 1332. Although their Complaint is less than clear, Plaintiffs apparently allege that Defendant is liable for failing to construct a barrier on Woodgate Boulevard to protect joggers and pedestrians. *(Doc. No. 1 ¶ 10.)*

## II.  PROCEDURAL HISTORY

On December 2, 2010, having been advised that they needed to serve Defendant within 120 days of filing (as required by Rule 4(m)), Plaintiffs sent to Defendant by Priority Mail Service: (1) a Notice of a Lawsuit and Request to Waive Service of Summons, which provided that Defendant could waive service of process by returning the signed waiver form within 30 days of December 2, 2010; (2) two copies of the Waiver of the Service of Summons; (3) a self-addressed stamped envelope; (4) a Summons; and (5) a copy of the instant Complaint. FED. R. CIV. P. 4(d), 4(m); *(Doc. No. 8, Ex. 2.)* On January 5, 2011—four days after the Waiver's 30-day deadline—Defendant returned the executed form to Plaintiffs.

On January 6, 2011, Plaintiffs filed a "Proof of Waiver of Service of Summons," "attesting to the waiver of service of summons by all defendants." On January 26, 2011, Defendant filed a Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction and for Improper Venue. *(Doc. No. 6.)* In their Response *(Doc. No. 8),* Plaintiffs did not address the substance of Defendant's arguments, noting instead that its Motion was untimely because Defendant had "defaulted" when it returned the executed waiver of service form four days late. *(Doc. No. 8.)* Although I then ordered Plaintiffs to respond to the substance of Defendant's Motion *(Doc. No. 10)*, Plaintiffs submitted a Supplemental Memorandum in which they did not address jurisdiction, argued that this Court had venue, and asked me to transfer the case to the

2

Middle District of Florida (should I decide to grant Defendant's Motion).  *(Doc. No. 11.)*

### III.  LEGAL STANDARDS

A. Timeliness of Defendant's Response – Waiver of Service

Rule 4(c)(1) provides that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."  FED. R. CIV. P. 4(c)(1).  Rule 4(d)(1)(F) provides that a plaintiff seeking a waiver of formal service must "give the defendant a reasonable time of at least 30 days after the request was sent. . . to return the waiver. . . ."  FED. R. CIV. P. 4(d)(1)(F).  If the defendant will not waive service, the plaintiff must serve the defendant personally, at the defendant's expense.  Sampath v. Concurrent Techs. Corp., 227 F.R.D. 399, 402 (W.D. Pa. 2005); FED. R. CIV. P. 4(d)(2)(A) & (B).

An incorporated entity may be served according to the Federal Rules or by "following state law for serving a summons . . . in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1); 4(h)(1)(A).  Under Pennsylvania law, a plaintiff may serve a non-Pennsylvania defendant "by any form of mail requiring a receipt signed by the defendant or his authorized agent."  Pa. R.C.P. 403; 404.  Florida law requires personal service or an affidavit explaining the need for substitute service.  Saridis v. Vista St. Lucie Ass'n, Inc. 804 So.2d 372, 373 (Fla. Dist. Ct. App. 2001).

B. Motion to Dismiss for Lack of Personal Jurisdiction

Rule 12(b)(2) requires the plaintiff to establish that jurisdiction exists in the forum state. Mellon Bank (East) PSFS, Nat. Ass'n v. Farino 960 F.2d 1217, 1223 (3d Cir. 1992).  The court must construe all jurisdictional facts in the light most favorable to the plaintiff, who must present

"a prima facie case for the exercise of personal jurisdiction 'by establishing with reasonable particularity, sufficient contacts between the defendant and the forum state.'" Id. (quoting Provident Nat. Bank v. California Fed. Sav. & Loan Assoc., 819 F.2d 434, 437 (3d Cir.1987)).

Because Pennsylvania's long-arm statute reaches to the limits of due process, a finding of personal jurisdiction must comport with those constitutional requirements. Id. at 1221. Specific jurisdiction requires that the defendant have "minimum contacts" with the forum state and "reasonably anticipate being haled into court there," such that "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Id. General jurisdiction requires that the defendant conduct "a continuous and systematic part of its general business within this Commonwealth." 42 Pa.Cont.Stat.Ann. § 5301(a)(2)(iii).

C. Motion to Dismiss for Improper Venue

The defendant must establish that venue is improper. Myers v. American Dental Ass'n, 695 F.2d 716, 725 (3d Cir. 1982) ("[T]he defendant should ordinarily bear the burden of showing improper venue in connection with a motion to dismiss."); see Simon v. Ward, 80 F.Supp.2d 464, 468 (E.D. Pa. 2000) (discussing confusion about the burden). Where federal jurisdiction is based on diversity, venue is proper only in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State,

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or

(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which action may otherwise be brought.

28 U.S.C. § 1391(a). Although Plaintiffs contend that venue is proper in this District under §

4

1391(b)(2), they presumably mean § 1391(a)(2) (which has identical language and governs diversity suits).

In applying 28 U.S.C. § 1391(a)(2) — "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"—the Third Circuit has explained:

> Events or omissions that might only have some tangential connection with the dispute in litigation are not enough. Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute. . . . The test for determining venue is not the defendant's "contacts" with a particular district, but rather the location of those "events or omissions giving rise to the claim," theoretically a more easily demonstrable circumstance than where a "claim arose." Although the statute no longer requires a court to select the "best" forum, the weighing of "substantial" may at times seem to take on that flavor.

Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994) (internal citations omitted).

D. Transfer

The law governing change of venue is well known:

> The District Court of a district in which is filed a case laying venue in the wrong division or district shall dismiss or if it be in the interest of justice, transfer such case to any district or division in which it could be brought.

28 U.S.C. § 1406(a). A court that lacks personal jurisdiction may nonetheless transfer pursuant to § 1406(a). Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-66 (1962). The Supreme Court has explained: "Normally transfer will be in the interest of justice because [ ] dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" Id. at 467; see also Lawman Armor Corp. v. Simon, 319 F. Supp. 2d 499 (E.D. Pa. 2004) (after ruling it was without personal jurisdiction, the court transferred to a district where jurisdiction existed and venue was proper); Telesis Mergers & Acquisitions v. Atlantis Federal, 918 F.Supp. 823, 835 (D. N.J. 1996) (transferring under § 1406(a) rather than dismissing for lack of personal jurisdiction).

5

## IV. DISCUSSION

### A. Timeliness of Defendant's Response – Waiver of Service

Plaintiffs argue that Defendant has "defaulted" by failing to waive service within 30 days of December 2, 2010 (the mailing date) or to file a responsive pleading within 21 days of December 6, 2010 (the date of receipt). In Plaintiffs' view, because Defendant submitted an untimely waiver of service form, it has forfeited its jurisdiction and venue contentions. Plaintiffs are obviously wrong.

Plaintiffs have confused their December 2, 2010 waiver request with effective service. The Third Circuit has held that an attempt to effectuate a Rule 4(d) service waiver does not itself effect service. Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992). Indeed, the documents that Plaintiffs mailed to Defendant explicitly provide, "If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you." *(Doc. No. 9 at 6.)* Although they now contend that Defendant's waiver was untimely, Plaintiffs did not "arrange to have the summons and complaint served on" Defendant. Instead, Plaintiffs seek impermissibly to transform their December 2, 2010 waiver request into proper service.

In any event, I will not now allow Plaintiffs to contradict their representations to Defendant and to this Court. Having accepted as valid Defendant's slightly belated waiver of service because it was to their advantage to do so, Plaintiffs may not now "rescind" that acceptance to gain a present advantage. The doctrine of equitable estoppel, which I may raise *sua sponte*, "is properly invoked where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct." Kosakow v. New Rochelle Radiology Associates, P.C. 274 F.3d 706, 725 (2d Cir. 2001) (defining

equitable estoppel); Lawson v. Consolidated Rail Corp., No. 97-cv-7206, 1999 WL 171431, at *4 n. 5 (E.D. Pa. March 29, 1999) (considering possibility of equitable estoppel *sua sponte*); Wayman v. Amoco Oil Co., 923 F. Supp. 1322, 1343 (D. Kan. 1996) (raising equitable estoppel *sua sponte*). By filing their "Proof of Waiver of Service of Summons" and "attest[ing] to the waiver of service of summons by all defendants," Plaintiffs in effect represented to Defendant and to me that they did not object to Defendant's untimely waiver. Defendant reasonably relied on that representation, and would be harmed if I allowed Plaintiffs to contradict that representation. Accordingly, Plaintiffs are equitably estopped from contradicting their representation that Defendant waived service.

Finally, Plaintiffs' December 2, 2010 mailing does not satisfy either Pennsylvania or Florida law. Pennsylvania requires plaintiffs to serve out-of-state defendants "by [a] form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R.C.P. 403; 404. Florida law requires either personal service or an affidavit explaining the necessity for substitute service. Saridis, 804 So.2d at 373.

For these reasons, I reject Plaintiffs' belated and contradictory contention that Defendant's Motion to Dismiss is untimely. Accordingly, I turn now to that Motion's merits.

B. Motion to Dismiss for Lack of Personal Jurisdiction

Defendant—the governing board of an Orlando community association, on whose street Mr. Karsch was jogging—argues that because it has had no contacts with Pennsylvania, it is not amenable to long-arm service. Defendant represents that it has no assets or employees in Pennsylvania, does not advertise here, and did not purposefully direct any activities at Plaintiffs (who are Pennsylvania citizens). *(Doc. No. 6 at 5-8.)* Although I have given Plaintiffs two

opportunities to dispute these contentions, they have failed—both in the original and supplemental memoranda—even to address them. It thus appears that Plaintiffs concede the absence of personal jurisdiction over Defendant. In any event, they have certainly failed to "establish[] with reasonable particularity, sufficient contacts between the defendant and the forum state." Mellon Bank, 960 F.2d at 1223.

In these circumstances, I conclude that this Court lacks personal jurisdiction over Defendant.

    C. Motion to Dismiss for Improper Venue

In the alternative, I conclude that venue does not lie in this District. Plaintiffs argue that venue is proper under § 1391(a)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" in this District. Plaintiffs concede that "[t]he accident itself, and the negligence plaintiffs ascribe to the defendants simply involves the design and maintenance of the defendants [sic] roadway." *(Doc. No. 8 at 6.)* Plaintiffs nonetheless contend that "[t]he vast majority of the claim rests with plaintiff Henry Karsch's ongoing medical treatment, wage loss issues (including actuarial expert), and deteriorated quality of life, all of which occur in the Eastern District of Pennsylvania." *(Id.)*

Defendant counters that there is "no factual support" for Plaintiffs' contention, and that all the "events or omissions giving rise to the claim" occurred in Florida. I agree with Defendant.

The gravamen of Plaintiffs' claim against Defendant is that it improperly maintained Woodgate Boulevard, not that Defendant had anything to do with Mr. Karsch's medical treatment. The Third Circuit has emphasized that "[t]he test for determining venue is. . . the location of those 'events or omissions giving rise to the claim.'" Cottman, 36 F.3d at 294. The events or

omissions giving rise to Plaintiffs' claims—Defendant's purported negligence—occurred entirely in the Middle District of Florida, not in this District, where Mr. Karsch subsequently received medical care. Arriaga v. Imperial Palace, Inc., 252 F. Supp.2d 380, 387-88 (S.D. Tex. 2003) (a plaintiff's medical care for a personal injury that occurred out of state does not establish venue); Smith v. Fortenberry, 903 F. Supp. 1018, 1020 (E.D. La. 1995) (same).

In these circumstances, I conclude that venue is improper in this District.

D. Transfer

Plaintiffs ask me, in the alternative, to transfer this matter to the Middle District of Florida. *(Doc. No. 11 at 5.)* Defendant does not oppose this request. *(Doc. No. 9.)*

Because Defendant is located in the Middle District of Florida and the accident occurred there, personal jurisdiction and venue are both proper in that District. 28 U.S.C. § 1391(a)(1). Under § 1406, the only remaining question is whether it is in the interest of justice to transfer this case. I believe it is.

"Normally transfer will be in the interest of justice because [ ] dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" Goldlawr, 369 U.S. at 467; see also Lawman Armor Corp. v. Simon, 319 F. Supp. 2d 499 (E.D. Pa. 2004) (transferring to a district where jurisdiction existed and venue was proper upon determining that the court lacked personal jurisdiction); Telesis Mergers & Acquisitions v. Atlantis Federal, 918 F.Supp. 823, 835 (D. N.J. 1996) (transferring under § 1406(a) rather than dismissing for lack of personal jurisdiction).

9

Dismissing Plaintiffs' Complaint for want of venue—requiring them to prepare and file a new Complaint in Florida—would simply waste time and resources. Plaintiffs are entitled to seek redress for the serious harm they have allegedly suffered; they simply are not entitled to seek redress here. Accordingly, I conclude that transfer is in the interest of justice and will transfer this case to the Middle District of Florida.

An appropriate Order follows.

**IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

_____
**Paul S. Diamond, J**.